**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Jeffery P. Hopkins
United States Bankruptcy Judge

**Dated: July 14, 2018**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In re: | * | Chapter 13 |
| Penny L. Son, | * | Case No. 1:17-bk-13833 |
| Debtor; | * | (Judge Jeffery P. Hopkins) |
| State of Ohio<br>Department of Job and Family Services<br>Revenue Recovery – Litigation, | * | |
| Plaintiff | * | |
| v. | * | Adv. Proc. No. 1:18-ap-01018 |
| Penny L. Son, | * | |
| Defendant. | * | |

**STIPULATION AND AGREED ORDER FINDING DEBT DUE AND OWING TO THE STATE OF OHIO, DEPARTMENT OF JOB & FAMILY SERVICES, FROM PENNY L. SON NONDISCHARGEABLE AND GRANTING JUDGMENT**

The State of Ohio, Department of Job and Family Services ("ODJFS"), and Penny L. Son ("Debtor") stipulate and agree as follows:

1

## RECITALS

R.1.  The Debtor filed her Chapter 13 petition in bankruptcy on October 25, 2017.

R.2.  ODJFS asserts that for the period from and including the week ending October 19, 2013, through and including the week ending April 14, 2014 (the "Overpayment Period"), the Debtor had unreported or incorrectly reported earnings from Day's Appliance Repair Company, and that the Debtor received benefits from ODJFS through fraud to which she was not entitled (the "Claim").

R.3.  ODJFS asserts that Debtor received fraudulent overpayments in the total amount of $9,412.00 (the "Overpaid Benefits"), and a mandatory penalty of $2,353.00 (the "Penalty"), which is 25% of the amount of the Overpaid Benefits, was also assessed against the Debtor.

R.4.  ODJFS further asserts that excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A) are the Overpaid Benefits that Debtor was not entitled to receive and the Penalty, in the aggregate amount of $11,765.00, plus interest on the balance due at the time of accrual from and including December 3, 2014, plus such other associated fees or charges as permitted by law, and interest accrued thereon until paid.

R.5.  ODJFS issued a Determination of Unemployment Compensation Benefits dated November 12, 2014 (the "Determination"), which found that Debtor fraudulently obtained unemployment benefits to which the Debtor was not entitled and ordered the Debtor to repay the total amount of the Overpaid Benefits and Penalty set forth in the Determination.

R.6.  Pursuant to Ohio Revised Code §§4141.35(A)(3) and 4141.23, ODJFS is entitled to interest at an annual rate of 14% compounded monthly on the unpaid principal sum from twenty-two days after the Determination became final (the "Interest").

R.7.    ODJFS has not received any payment on the Claim.[1]

R.8.    Debtor admits that she has received the Overpaid Benefits, and that she has failed to repay the Overpaid Benefits, Penalty, and Interest to ODJFS.

R.9.    The parties desire to settle the dispute between them on the terms set forth herein.

R.10.   The Debtor waives all applicable statutes of limitation as set forth below.

R.11.   The Debtor waives discharge of her debts to ODJFS as set forth herein and agrees to entry of judgment against her as ordered by the Court.

R.12.   The Debtor may prepay any or all amounts due to ODJFS at any time without additional penalty.

## AGREEMENT AND ORDER

Now, therefore, in consideration of the mutual promises and agreements set forth herein, the parties, by and through their undersigned counsel, hereby agree as follows, and it is ORDERED that:

1.    Judgment is hereby entered for ODJFS against the Debtor in the total amount of $16,809.42, plus Interest accrued thereon (the "Judgment Amount"), which is not discharged pursuant to 11 U.S.C. § 523(a)(2)(A).

2.    Judgment is hereby entered for ODJFS against the Debtor in the total amount of $350.00 (the "Costs"), which is not discharged.

3.    Payments made to ODJFS through the Debtor's chapter 13 plan shall be applied to reduce the Judgment Amount.

4.    Beginning on the 15th of the first full calendar month following the earlier of the date of entry of (a) the Debtor's discharge, or (b) an order dismissing the Debtor's case, and

---

[1] The amount due on the Claim as of October 25, 2017, was $16,809.42.

monthly thereafter until the Costs and the Judgment Amount are paid in full, the Debtor shall make monthly payments as follows:

      i.      The first monthly payment in the amount of $350.00, made payable to "Wood & Lamping LLP," and mailed to Raymond J. Pikna, Jr., 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202; and

      ii.      Monthly payments thereafter to ODJFS in the amount of $400.00 each, made payable to "Ohio Treasurer of State," and mailed to Raymond J. Pikna, Jr., 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202.

5.      Debtor may prepay any or all amounts due pursuant to this Order to ODJFS at any time without additional penalty.

6.      The terms of this Agreed Order do not affect ODJFS's right to recoup unemployment benefits pursuant to O.R.C. §4141.35 for the Overpaid Benefits from twenty two days after the Determination becomes final, and penalty weeks. Any monies recouped pursuant to O.R.C. §4141.35 shall reduce the Judgment Amount due and owing to ODJFS. If Debtor is approved for unemployment benefits in the future, Debtor will have 52 penalty weeks to serve before realizing any benefit payments.

7.      The terms of this Agreed Order do not affect ODJFS's right to set off tax refunds against the Judgment Amount.

8.      Debtor hereby waives the operation of all applicable statutes of limitations, including but not limited to the statute of limitations period contained in O.R.C. §4141.35(A) as it may apply against (a) any right to recoup, (b) any right of offset, or (c) legal proceedings or action brought pursuant to law, including but not limited to proceedings in aid of execution such as attachment proceedings or garnishment proceedings, only as to the Judgment Amount set forth

herein, for a period of 6 years from and including the date of closing of Debtor's bankruptcy case appearing as case number 1:17-bk-13833 on the docket of the United States Bankruptcy Court for the Southern District of Ohio, Western Division, and Debtor further agrees that the period during which such Judgment Amount, if Debtor defaults as described in paragraph 9, below, may be collected against Debtor shall be extended for such 6 year period. If that 6 year period has not expired and Debtor files a bankruptcy case subsequent to this bankruptcy case, which is designated as case number 1:17-bk-13833 on the docket of the United States Bankruptcy Court for the Southern District of Ohio, then Debtor hereby waives the operation of all applicable statutes of limitations for an additional 6 year period from and including the date of closing of such subsequent bankruptcy case.

9. If Debtor fails to make any monthly payment as set forth in paragraph 4 above she shall be in default of the payment provision of this Order. Upon default by Debtor in making any payment to ODJFS following the earlier of the date of entry of (a) the Debtor's discharge, or (b) an order dismissing the Debtor's case, ODJFS shall be entitled to pursue collection of the balance then remaining on the Judgment Amount together with all interest from and including the date of default, with such interest calculated at the rate of 14% per year compounded monthly, and penalty weeks, through recoupment of future unemployment benefits of the Debtor, offset of federal or state income tax refunds, and/or through legal action brought pursuant to law, including but not limited to proceedings in aid of execution such as attachment proceedings under O.R.C. Chapter 2715 or garnishment proceedings under O.R.C. Chapter 2716.

10. Nothing contained herein shall serve to reduce the number of penalty weeks imposed upon the Debtor pursuant to O.R.C. §4141.35(A)(2).

11. ODJFS has sole discretion to determine whether to waive Interest upon written request from Debtor to ODJFS mailed to Raymond J. Pikna, Jr., 600 Vine St., Suite 2500, Cincinnati, OH 45202; following payment in full of the Overpaid Benefits, Penalty, and Costs, ODJFS agrees to evaluate the record of Debtor's compliance with the terms of this Agreed Order, and her compliance with said terms will be considered by ODJFS as a factor in support of waiver of the Interest.

**IT IS SO ORDERED.**

AGREED:


/s/ Penny L. Son by Raymond J. Pikna, Jr. per e-mail auth. 7/12/18 from Paul J. Minnillo
Penny L. Son


/s/ Paul J. Minnillo by Raymond J. Pikna, Jr. per e-mail auth. 7/12/18
Paul J. Minnillo (0065744)
Minnillo & Jenkins Co. LPA
2712 Observatory Avenue
Cincinnati, Ohio 45208
Telephone: (513) 723-1600
Fax: (513) 723-1620
E-mail: pjminnillo@minnillojenkins.com
Case Attorney for Penny L. Son


MIKE DeWINE
Attorney General of Ohio

/s/ Raymond J. Pikna, Jr.
Raymond J. Pikna, Jr. (0013135)
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
Telephone: (513) 852-6039
Fax: (513) 852-6087
Email: rjpikna@woodlamping.com
Special Counsel to Ohio Attorney General
Case Attorney for the State of Ohio
Department of Job and Family Services

HAVE SEEN:

<u>/s/ Francis J. Dicesare by Raymond J. Pikna, Jr. per e-mail auth. 7 /12/18</u>
Margaret A. Burks (0030377)
Chapter 13 Trustee
Francis J. Dicesare (0038798)
Staff Attorney
Karolina F. Perr (0066193)
Staff Attorney
600 Vine Street, Suite 2200
Cincinnati, OH  45202
Telephone: 513-621-4488
Facsimile: 513-621-2643
E-mail: Cincinnati@cinn13.org


Copies to:  Default list and
            Raymond J. Pikna, Jr., 600 Vine St., Suite 2500, Cincinnati, OH 45202


###